FILED

AUG 05 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MKH

5 NP

**Shanda Love**
**124 Westwood Dr.**
**San Francisco, CA 94112**
**(415) 225-1690**
**email: SnnLovely@AOL.com**
Plaintiff pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV26-08144

LJC

| | |
|---|---|
| **SHANDA LOVE,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SHAWNY KOBAY WILLIAMS**; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon, **as Trustees** for Calderon W Fam Living Trust; Daniela P. Williams; Lucinda Tavera; Demetrius Williams; James M. Lewis; Jennifer T. Lewis; David B. Douds; **U.S. Department of Homeland Security (DHS); U.S. Immigration and Customs Enforcement (ICE); U.S. Customs and Border Protection (CBP);** All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's | Case No.: ~~CGC26636535~~ SL<br><br>**VERIFIED COMPLAINT for:**<br><br>**1. VIOLATION OF CIVIL RIGHTS;**<br><br>**2. CONSPIRACY AGAINST CIVIL RIGHTS; [42 U.S.C. § 1985(3) ];**<br><br>**3. VIOLATION OF RICO ACT [See 8 U.S.C. § 1964(c) re. 18 U.S.C. § 1962 ];**<br><br>**4. CONSPIRACY TO PARTICIPATE IN RACKETEERING; VIOLATION OF RICO ACT under 18 USC § 1962 [d**<br><br>**5. FOR INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE; [ similar to In Beckth vs. Dahal (2012) 205 Cal. App. 4th 1039 ];**<br><br>**6. QUIET TITLE;**<br><br>**7. Cancellation of Instruments;**<br><br>**8. PARTITION** |

Title Thereto and DOES 1-5,

Defendants.

**9. ABUSE OF PROCESS**

**10. TEMPORARY RESTRAINING ORDER; Preliminary and Permanent Injunction;**

**11. FRAUD by Intentional Misrepresentation;**

**12. COMMON COUNT for Money Owed;**

**13. Intentional Infliction of Emotional Distress;**

**14. DECLARATORY RELIEF- Judgment Thereon; and for**

**15. CIVIL CONSPIRACY;**

**16. NEGLIGENCE;**

**And Demand for Jury Trial**

1 ___________________________________

**Comes** plaintiff, **Shanda Love**, and for her **complaint** hereby complains, states and alleges follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff Shanda Love's mother, Betty Yvonne Williams [Mom] died in 2020. NO probate case was filed.

Plaintiff Shanda Love's father, Leroy Williams died in 2021.

No probate was filed.

2. Two months after Leroy died, the brother, Shawny Williams gave notice that there was a Family Trust

3. Thereafter, Shawny filed an Unlawful Detainer case against Shanda,

claiming he was the sole owner of the Trust Real Estate, because he deeded the property to himself by a fraudulent transfer.

The eviction was litigating from 2021 through 2024 and Shanda Love moved out of the Trust Real Estate House in 2025.

**JURISDICTION & VENUE**

4. The subject real property at issue is located at

**130 Westwood Drive, San Francisco, CA**

## LEGAL DESCRIPTION:

For APN/Parcel ID(s): THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THECITY OFSAN FRANCISCO COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT NO. 21 IN BLOCK NO. 3165, WESTWOOD PARK, AS PER MAP THEREOF FILED MARCH 20, 1917, IN BOOK "H" OF MAPS, PAGES 65 TO 71, INCLUSIVE, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

5. **Plaintiff is informed and believes that Shawny Kobay Williams and Naela Calderon Tavera RESIDE at the address of: 3213 W Las Positas Blvd # B, Pleasanton, CA 94588.**

6. **James M. Lewis and Jennifer T. Lewis** are defendants who reside at **1004 Garfield Dr, Petaluma, CA, 94954. [mother and father with DOES]**

**7.** Defendant **David B. Douds resides at Also, the property at 18111 Colonnades Pl, San Diego, CA 92128. [father with DOES]**

8. The damages exceed $35,000. Therefore, the above-named court is the proper venue.

9. Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such

fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these unknown defendants when ascertained.

10. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named in this Complaint, including all defendants named as DOES 1 through 100, inclusive, was at all times herein relevant the authorized agent, employee or representative of one or more of the remaining defendants and that, in doing the things herein alleged, was acting within the course and scope of such agency, employment or representation.

11. Wherever and whatever reference is made in this complaint to any act or failure to act by Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures of Defendants, whether acting individually, or jointly and severally.

12. Plaintiff requests that a **court-appointed RECEIVER be appointed** until this action is fully adjudicated.

## The Defendant Shawny Williams recently recorded multiple deeds to Cloud the title concerning the subject real property as follows:

**Grantor: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 and Shawny Williams, a married man joined in execution by his spouse, Naela Calderon Tavera, as joint tenants with right of survivorship Grantee: Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 Recording Date: Recording No.: November 16, 2020 2020051005, of Official Records

**Grantor: Shawny K. Williams** **Grantee: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A date June Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019, a living trust and Shawny Williams, as joint tenants (right of survivorship)
Recording Date: April 12, 2021 Recording No.: 2021061153, of Official Records

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019 Recording Date: Recording No.: Betty Yvonne Williams and Leroy Williams, the decedents, by Affidavit of Shawny K. Williams, as sole surviving Trustee of the Williams Family Trust, June 10, 2022 2022058380, of Official Records

Grantor: Grantee: Shawny K. Williams a married man, as his sole and separate property Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust, U/A dated November 23, 2021 Recording Date: June 10, 2022 Recording No.: 2022058382, of Official Records

PARTIES

1. **Shanda Love** was the daughter of Betty Williams and Leroy Williams who Had created a Trust to leave Plaintiff a portion of the family real estate properties When they died.

2. Defendant Shawny Williams is Shanda Love's brother and was the son of the Decedents Betty Williams and Leroy Wiliams.

3. Defendant Shawny Williams was a police officer, at all times herein mentioned and engaged in all wrongful conduct alleged herein under color of law.

4. Defendant Shawny Williams has a custom and pattern of practice to violate most people's rights.

5. Plaintiff believes that defendant Shawny Williams planned, plotted and "in concert" with co-defendants to deprive plaintiff Shanda Love of her civil rights, and to conspire against her civil rights.

6. Defendant **Naela Calderon Tavera** was previously a temporary resident in the U.S., which plaintiff believes had an expired Visa and over-stayed in the U.S.A. in violation of U.S. Immigration Law.

7. Defendant Lucinda Tavera is an illegal immigrant from Mexico, who is the Mother of Defendant Shawny William's wife, Naela Calderon Tavera.

8. Defendant **U.S. Department of Homeland Security (DHS)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in harm to Plaintiff Shanda Love.

9. Defendant **U.S. Immigration and Customs Enforcement (ICE)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in harm to Plaintiff Shanda Love.

10. Defendant **U.S. Customs and Border Protection (CBP)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to

be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in harm to Plaintiff Shanda Love.

On or about August 1, 2026, Plaintiff submitted Government Tort Claims to the United States of America by mail as to defendants U.S. Department of Homeland Security (DHS); U.S. Immigration and Customs Enforcement (ICE); U.S. Customs and Border Protection (CBP). The claims were denied or were not accepted.

Again, on August 4, 2026, Plaintiff submitted Government Tort Claims to the United States of America by mail as to defendants U.S. Department of Homeland Security (DHS); U.S. Immigration and Customs Enforcement (ICE); U.S. Customs and Border Protection (CBP). The claims were denied or were not accepted.

## FIRST CAUSE OF ACION FOR

## VIOLATION OF CIVIL RIGHTS

**['See CACI # 3000. (42 U.S.C. § 1983) – Essential elements ]**

***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA***;
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
**DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis;**

U.S. Department of Homeland Security (DHS);
U.S. Immigration and Customs Enforcement (ICE);
U.S. Customs and Border Protection (CBP);
All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-5

11. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 10 hereof, inclusive, as if alleged herein in full.

12. On the prior referenced dated, defendants intentionally engaged in acts aimed at Depriving Plaintiff of his rights to equal privileges and protection of the laws, and his due Process rights.

13. Defendants intentionally deprived Plaintiff of his right to due process of law and Equal protection and privileges of the laws for which he is entitled under the U.S. Constitution.

14. Defendants engaged in a pattern of practice in which defendants executed in concert was **violation of Plaintiff's civil rights**, as to equal privileges and protection of the law.

**15. At the time that Defendant Shawny Williams violated Plaintiff Shanda Love's Civil Rights, <u>he was working as a police officer</u>, was a government Employee and did the wrongful acts under color of law.**

**16.** The act of joining in concert deems the issue as a **conspiracy against Plaintiff's civil rights per Title 42 U.S.C. § 1985(3)** as well.

17. Defendants were acting or purporting to act in the performance of their official duties.

18. Defendants' conduct violated Plaintiff's Civil Rights.

19. As a result, Plaintiff was harmed.

20. Defendants' wrongful acts were a substantial factor in causing plaintiff's harm.

Wherefore plaintiff prays for judgment against defendants in an amount according to proof Of at least $75,001 and if judgment is to be taken by default in the amount of $250,000, For declaratory relief, for injunctive relief,

And for such further relief deemed appropriate by the court.

**SECOND CAUSE OF ACTIONS FOR**
**CONSPIRACY AGAINST CIVIL RIGHTS**
**[ Title 42 United States Code §§ 241 and 242 ]**
***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA***;
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
**DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis;**
U.S. Department of Homeland Security (DHS);
U.S. Immigration and Customs Enforcement (ICE);
U.S. Customs and Border Protection (CBP);
All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-5

21. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 20, inclusive, as if alleged herein in full.

22. On or about 06/29/2026, Defendant Shawny Williams filed a false Motion to Declare Plaintiff here, Shanda Love as a Vexatious Litigant. The ulterior motive behind Shawny Williams frivolous tactic of filing the False Motion to Declare Shanda Love as a vexatious litigant, was to force the state court to dismiss the action. Prior to the ruling on that Motion, Plaintiff dismissed the prior state court action, and filed a new Federal Action. The act of conspiring against Plaintiff Shanda Love's Due Process rights is a crime under Title 18 United States Code, sections 241 and 242. The act of joining in concert deems the issue as a **conspiracy**

**against Plaintiff's civil rights per Title 42 U.S.C. § 1985(3)** as well.

23. Defendants' actions were intended to prevent state authorities from securing equal protection.

24. During the course of the conspiracy, Defendants used intimidation and quasi-threats to prevent Plaintiff from enjoying his rights protected under the U.S. Constitution.

25. The conspiracy was driven by a discriminatory bias against Plaintiff on the basis of his race or religious beliefs.

26. Defendants engaged in Furtherance of the Conspiracy:

27. The Conspiracy resulted in harm or injury to Plaintiff.

28. Defendants aimed at interfering with rights" that are "protected against private, as well as official.

29. When Defendants conspired against Plaintiff's Civil Rights, they did so in concert, with intent to deprive Plaintiff of Rights protected under the United States Constitution.

30. Wherefore plaintiff prays for judgment against defendants in an amount according to proof of at least $75,001 and if judgment is to be taken by default in the amount of $250,000, For declaratory relief, for injunctive relief, and for such further relief deemed appropriate by the court.

**THIRD CAUSE OF ACTION FOR**
**VIOLATION OF RICO ACT**
***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA*;**
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis;

All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-5

31. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 30 hereof, inclusive, as if alleged herein in full.

**32. Plaintiff Shanda Love alleges that defendants were in the business of Crime and did criminal acts consisting of**

(1) investing in, (2) acquiring, or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity or collection of an unlawful debt, or (4) conspiring to commit any of the first three types of activity.

**33. Defendants and DOES 1-5 had agreed to the following conduct in effort to take possession of his residence:**

34. On or about **08/10/2025** Defendants Shawny Williams, Naela Calderon Tavera, Lucinda Tavera, and co-defendants acted, conspired and participated in recording a Deed from Shanda Love's Parent's trust to a new Trust, where only Defendants were beneficiaries. The ulterior purpose of this fraudulent deed transfer was to defraud Plaintiff Shanda Love of her rightful ownership interest as a beneficiary of her parent's trust. Plaintiff Shanda Love was harmed. Defendants' and DOES 1-5's conduct was a substantial factor in causing Plaintiff Shanda Love's harm.

35. A plaintiff may bring a private civil action for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c).

36. The RICO statute prohibits four types of activities: (1) investing in, (2) acquiring, or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity or collection of an unlawful debt, or (4) conspiring to commit any of the first three types of activity. Title 18 U.S.C. § 1962(a)–(d). RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005).

37. However, the statute is to "be liberally construed to effectuate its remedial purposes.

" *Odom v. Microsoft Corp*., 486 F.3d 541, 546 (9th Cir. 2007).

[18 U.S.C. § 1962(c) ]

(1) Each Defendant named and DOE was part of a group, enterprise, entity or organization,

in which the defendants participated in the operation or management of the enterprise.

(2) The Enterprise was entailed a group of individuals as a union for the purpose of Organized crime, and for the furtherance of generating income by criminal activity.

[See Odom, 486 F.3d at 548. RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by an economic purpose. Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 262 (1994).]

(3) Defendants and DOES 1-5 engaged in a continuous pattern of Violation of RICO,

within the last ten years.

[A pattern is defined as "at least two acts of racketeering activity" within ten years of each other.

18 U.S.C. § 1961(5). ]

(4) The racketeering activity (known as "predicate acts"), consisted of at least one

of the indictable predicate acts listed in 18 U.S.C. § 1961.

(5) Defendants and DOE'S conduct resulted in injury to plaintiff's property or business.

[ See Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005)]

38. Plaintiff further alleges that plaintiff intends to proof or provide evidence that the defendants and DOES all agreed to commit a substantive violation of RICO.

[See Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 774-75 (9th Cir. 2002) ]

39. Wherefore plaintiff prays for judgment against defendants in an amount according to proof of at least $75,001 and if judgment is to be taken by default in the amount of $250,000, For declaratory relief, for injunctive relief, and for such further relief deemed appropriate by the court.

## FOURTH CAUSE OF ACTION FOR CONSPIRACY TO PARTICIPATE IN RACKETEERING FOR CONSPIRACY TO ENGAGE IN VIOLATION OF RICO ACT under 18 USC § 1962 [d]

***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA***;
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
**DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis;**
and DOES 1-5

40. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 40hereof, inclusive, as if alleged herein in full.

41. Plaintiff further alleges that Defendants and DOES had an agreement to commit A substantive violation of RICO.

42. Each Defendant and DOE was aware of the essential nature and scope of the Criminal enterprise and intended to participate in the enterprise's activities.

43. The existence of the agreement can be inferred by the defendants' and DOES' Words, actions, independent activities and conduct alleged in the prior paragraphs.

**FIFTH CAUSE OF ACTIONS FOR**
**INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE**
***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA*;**
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
**DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis;**
and DOES 1-5

44. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 43, inclusive, as if alleged herein in full.

45. Plaintiff is ignorant of the true names and capacities and defendants sued in this complaint as DOES and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and information and belief that each of the fictitiously named defendants are negligently responsible in some matter for the occurrences alleged in this complaint, and that plaintiffs injuries as alleged in this complaint were proximately caused by that negligence.

46. [FACTS SHOWING PLAINTIFF'S EXPECTATION OF AN INHERITANCE]

EXAMPLE: Probate was not filed, Trust was alleged by the father prior to death ]

A copy of the said ORIGINAL TRUST, is attached to this complaint as

**Exhibit #1.**

In the original Trust, decedent devised to Plaintiff [description of property to be gifted]

Plaintiff was decedents daughter.

As a result, plaintiff had an expectation of inheriting the property in question from Decedent on decedent's death.

47. Defendants visited the decedents while they were hospitalized heavily medicated, and in the state of dementia and used a means of "financial Elder Abuse", Undue Influence and Duress to get the decedent Leroy Williams's signature on an property transfer and/or Amendments to the Family Trust.

**48. The acts of UNDUE INFLUENCE AND FINANCIAL ELDER ABUSE ARE FELONY CRIMES** IN THE STATE OF CALIFORNIA and are therefore **not covered under the Defense of Litigation Privilege.**

49. **Defendants' conduct** as alleged in this complaint caused the decedent to take action while he was "SEDATED UNDER MEDICATION" and by UNDUE INFLUENCE., depriving Plaintiff of Plaintiff's EXPECTED inheritance, in that after defendants conspired in concert to alter or deter the process of the intended will or original trust.

## INTERFERENCE BY DEFENDANTS

**[Facts describing interference in Expectation of Inheritance ]**

50. Defendants filed predatory eviction pleadings on plaintiff who was

a beneficiary of the subject real estate, and had her evicted based on false pretenses.

51. Defendants filed false probate pleadings in the probate court in effort to disinherit Plaintiff as a beneficiary of the subject trust.

52. Defendants **DAVID B. DOUDS; James M. Lewis; Jennifer T. Lewis**; and DOES 1-5 delegated authority to secretarial writers to File false pleadings to defraud Plaintiff Shanda Love of her rightful inheritance, and real property from her parent's trust.

53. The statements by defendants were totally false.

Further, defendants who were well acquainted with Plaintiff, were sufficiently familiar with the actual facts that defendants statements could only have been made, and were made with intent to deceive and mislead the plaintiff and others involved in the dispute.

54. Plaintiff further alleges that when defendants acted as alleged above, defendants had full knowledge of Plaintiff's expectation of inheritance, and took the actions alleged herein intentionally and with the express purpose of depriving Plaintiff from inheriting any property from the decedent.

55. Defendants' conduct as described above was independently tortious; that is, it was wrong in and of itself apart from defendants' interference, and was directed at someone other than plaintiff, in that if consisted of fraud on the decedent, who was intentionally deceived by defendants' conduct into disposing of decedents' estate in a manner that was inconsistent wit the decedents' intent, if decedent would have been aware of the true facts, and would not have been in a medicated or dementia state of mind.

56. Plaintiff has no other adequate remedy against defendants under tort or probate Law for defendants' tortious conduct as alleged above, in that and are not entitled under decedent's will nor Original trust nor the laws of intestate succession to any part of decedent's estate, have no standing to assert any claim in any probate or estate proceeding.

57. Plaintiff therefore alleges that under the facts alleged in this complaint, Plaintiff has stated a cause of action against defendants for intentional interference with Plaintiff's expectation of an inheritance.

58. As a direct and legal result of the interference by defendants in Plaintiff's Expected inheritance as alleged above, Plaintiff has suffered damage in the Amount of at least $1,500,000, representing value of the property that Plaintiff would have inherited from the decedent, if it wouldn't have been converted by by defendants' conduct.

FACTS CONCERNING **UNDUE INFLUENCE** USED BY DEFENDANTS TO DUPE DECEDENT, LEROY WILLIAMS

- **See CACI Civil Jury Instructions 3117 [Factors to Consider re. Undue Influence]**

59. "Undue influence" means excessive persuasion that overcomes another person's free will and causes the person to do something or to not do something that causes an unfair result

**Decedent, Leroy Williams had severe vulnerability** because he was over 65 years of age, was lonely while staying in the Hospital, was ill, and was receiving heavy doses of medication when defendants visited him at the hospital to request that he sign an Amendment to the Revocable Trust.

60. During the time that defendants forced decedent Leroy Williams to sign an

Amendment to the Trust.

61. Leroy Williams was over 65 years of age, was in the Hospital taking Heavy medication, was lonely seeking conversation, and was in a dementia state of Mind. Therefore, decedent was ill, had mental incapacity and a disability when he signed the Amendment to the Trust document.

62. Defendants knew of the vulnerability.

All defendants acted in concert to conspire, defraud, coerce and dupe decedent into signing an amendment to the Trust.

WHEREFORE, plaintiff prays for judgment against defendants severally as hereinafter set forth on ALL COUNTS:

1. for general damages in an amount according to Proof;

2. For damages in the sum of $1,500,000;

3. For interest at the legal rate according to proof;

4. for Costs of suit incurred; and

5. for such other further relief as the court may deem proper

Plaintiff reserves the right to seek punitive damages based on the outrageous and wanton conduct, described above.

See Beckwith v. Dahl (2012) 205 Cal. App. 4th 1039, 141 Cal. Rptr. 3d 142, in which the Court of Appeal expressly recognized the Existence of this tort for "Intentional Interference with Expected Inheritance (IIEI Claim].

**The attached Verification** to the complaint requires that the Defendants include a verification on their Answer, per Cal. **Code of Civil Procedure, § 92(b)**

**and CCP § 446.**

## SIXTH CAUSE OF ACTION

## to QUIET TITLE

***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA***;
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
DAVID B. DOUDS;
All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-5

63. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 48, inclusive, as if alleged herein in full.

**64.** The real property that is the subject of Plaintiff' Cause of Action to Quiet Title is the Property located **130 Westwood Drive, San Francisco, CA** **[hereinafter referred to as "subject property"]**

**65.** **The Legal Description** of the Real Property is as follows:

For APN/Parcel ID(s): THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THECITY OFSAN FRANCISCO COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

66. **LOT NO. 21 IN BLOCK NO. 3165**, WESTWOOD PARK, AS PER MAP THEREOF FILED MARCH 20, 1917, IN BOOK "H" OF MAPS, PAGES 65 TO 71, INCLUSIVE, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

**67.** At all times relevant to this Action, Plaintiff held and now holds an instrument in the Property as a fee simple owner or as **Beneficiary under the family trust.**

**68.** **The basis of plaintiff Shanda Love's claim as ownership is as Beneficiary of the FAMILY Trust**, created by her

deceased father Leroy Williams, who was the Settlor and original Trustee of the said Trust.

**69. The Defendant Shawny Williams and co-defendants recently recorded multiple deeds to Cloud the title concerning the subject real property as follows:**

**Grantor: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 and Shawny Williams, a married man joined in execution by his spouse, Naela Calderon Tavera, as joint tenants with right of survivorship Grantee: Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 Recording Date: Recording No.: November 16, 2020 2020051005, of Official Records

**Grantor: Shawny K. Williams Grantee: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A date June Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019, a living trust and Shawny Williams, as joint tenants (right of survivorship)
Recording Date: April 12, 2021 Recording No.: 2021061153, of Official Records

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019 Recording Date: Recording No.: Betty Yvonne Williams and Leroy Williams, the decedents, by Affidavit of Shawny K. Williams, as sole surviving Trustee of the Williams Family Trust, June 10, 2022 2022058380, of Official Records

Grantor: Grantee: Shawny K. Williams a married man, as his sole and separate property Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust, U/A dated November 23, 2021 Recording Date: June 10, 2022 Recording No.: 2022058382, of Official Records

These deed transfers were recorded by defendants to cloud the title on the subject property in attempt to defraud plaintiff of her rightful share of the property and should be cancelled.

70. Plaintiff does not know the true names, capacities, bases for liability or interests in the Property of defendants sued in this action as DOES 1 through 100, inclusive, and will amend this Complaint when that information is discovered. At all relevant times, each defendant, including any defendant fictitiously named, claims an interest in the Property or were acting as the agent, servant, employee,

partner or joint venturer of each other defendant in doing the things alleged and is responsible in some manner for the damages and disputes alleged in this Complaint.

71. Plaintiff seek to quiet title against the claims of title adverse to Plaintiff's title of Defendants.

72. Specifically, Plaintiff is informed and believes, and thereon alleges, that due to illegal initiation of

**73.** Plaintiff does not know the exact names, capacities or interests in the Property of certain defendants, which Plaintiff designates for the Action ***as "all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the Property adverse to Plaintiff's title, or any cloud on Plaintiff's title to the Property"***. Plaintiff seeks to quiet title in the Property against the claim of each such defendant, and each such defendant has no right, title, estate, lien or interest in the Property or any part of it. Plaintiff **will serve "this class" of defendants by publication as the Court allows.**

74. Plaintiff seeks to quiet title to the Property as against these defendants, and each of them, including any person, organization, corporation, partnership, association or other entity claiming to be a "bona fide purchaser for value". Specifically, anyone claiming to be a "bona fide purchaser for value" .

75. Plaintiff requests a determination that title is quieted in **HER name alone** as of the date this Complaint is filed.

76. Plaintiff will file a Notice of Pendency of Action immediately following the filing of this Complaint.

WHEREFORE, Plaintiff pray that this Court determine and declare that the title to the Subject Property is vested in Plaintiff' alone and that defendants, and each of them, be declared to have no interest, estate, lien, right, title or interest in the Subject Property and that defendants, their agents and assigns be forever enjoined from asserting any

estate, right, lien, title or interest in the Subject Property.

**SEVENTH CAUSE OF ACTION**

**CANCELLATION OF INSTRUMENTS**

***Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA*;**
Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;
Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; Shawny Williams and Naela Calderon,
as Trustees for Calderon W Fam Living Trust;
Daniela P. Williams; Lucinda Tavera; Demetrius Williams;
U.S. Department of Homeland Security (DHS);
U.S. Immigration and Customs Enforcement (ICE);
U.S. Customs and Border Protection (CBP);
All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-5

77. Plaintiff refer to and incorporate by this reference each allegation set forth in **Paragraphs 1 through 75** hereof, inclusive, as if alleged herein in full.

78. C.C.P. Section 3412 provides that "[a] written instrument in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to the person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled".

79. The following Deed Transfers were recorded by defendants and DOES 1-10 without having legal reason or authority.

80. **Grantor: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 and Shawny Williams, a married man joined in execution by his spouse, Naela Calderon Tavera, as joint tenants with right of survivorship
Grantee: Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019
Recording Date: Recording No.: November 16, 2020 2020051005, of Official Records

**Grantor: Shawny K. Williams** **Grantee: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A date June Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019, a living trust and Shawny Williams, as joint tenants (right of survivorship)

Recording Date: April 12, 2021 Recording No.: 2021061153, of Official Records

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019 Recording Date: Recording No.: Betty Yvonne Williams and Leroy Williams, the decedents, by Affidavit of Shawny K. Williams, as sole surviving Trustee of the Williams Family Trust, June 10, 2022 2022058380, of Official Records

Grantor: Grantee: Shawny K. Williams a married man, as his sole and separate property Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust, U/A dated November 23, 2021 Recording Date: June 10, 2022 Recording No.: 2022058382, of Official Records

81. These deed transfers were recorded by defendants to cloud the title on the subject property in attempt to defraud plaintiff of her rightful share of the property and should be cancelled.

**82. Also, Plaintiff Shanda Love seeks cancellation and revocation of all Immigration papers entitling defendants Lucinda Tavera and Naela Calderon Tavera to remain in the United States of America based on the criminal conduct by defendants Naela and Lucinda alleged herein.**

**83.** Each of the aforesaid instruments, although apparently valid on their face, is void. ["The Amendments to Leroy Williams Trust" ]

84. Plaintiff will suffer serious and **irreparable injury** if the foregoing instruments remain outstanding in that he faces the loss of his unique and valuable real estate. Therefore, Plaintiff hereby applies to this Court for an ORDER determining that these instruments are void as to the Plaintiff and are cancelled.

85. WHEREFORE, plaintiff seeks a judgment in their favor cancelling the Above-referenced document, which was executed by Shawny Kobay Williams , And/or her agents.

**EIGHTH CAUSE OF ACTION FOR PARTITION**

Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; **DAVID B. DOUDS**; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

86. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 84, inclusive, as if alleged herein in full.

**87.** The real property that is the subject of Plaintiff' Cause of Action to Quiet Title is the Property located **130 Westwood Drive, San Francisco, CA [hereinafter referred to as "subject property"]**

**88.** **The Legal Description** of the Real Property is as follows:

89. For APN/Parcel ID(s): THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THECITY OFSAN FRANCISCO COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

90. LOT NO. 21 IN BLOCK NO. 3165, WESTWOOD PARK, AS PER MAP THEREOF FILED MARCH 20, 1917, IN BOOK "H" OF MAPS, PAGES 65 TO 71, INCLUSIVE, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

**91.** **Also, the property at 18111 Colonnades Pl San Diego, CA 92128 is at issue.**

**92.** At all times relevant to this Action, Plaintiff held and now holds an instrument in the Property as a fee simple owner.

**93.** **The basis of plaintiff Shanda Love's claim as ownership is as HEIR of the FAMILY Trust**, created by her deceased father Leroy Williams, who was the Settlor and original Trustee of the said Trust.

**94. The Defendant Shawny Williams and co-defendants recently recorded multiple deeds to Cloud the title concerning the subject real property as follows:**

**Grantor: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 and Shawny Williams, a married man joined in execution by his spouse, Naela Calderon Tavera, as joint tenants with right of survivorship Grantee: Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019 Recording Date: Recording No.: November 16, 2020 2020051005, of Official Records

**Grantor: Shawny K. Williams Grantee: Shawny K. Williams**, as Trustee of the Williams Family Trust, U/A date June Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019, a living trust and Shawny Williams, as joint tenants (right of survivorship)
Recording Date: April 12, 2021 Recording No.: 2021061153, of Official Records

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019

Grantor: Death of Co-Trustees Grantee: U/A date June 26, 2019 Recording Date: Recording No.: Betty Yvonne Williams and Leroy Williams, the decedents, by Affidavit of Shawny K. Williams, as sole surviving Trustee of the Williams Family Trust, June 10, 2022 2022058380, of Official Records

Grantor: Grantee: Shawny K. Williams a married man, as his sole and separate property Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust, U/A dated November 23, 2021 Recording Date: June 10, 2022 Recording No.: 2022058382, of Official Records

These deed transfers were recorded by defendants to cloud the title on the subject property in attempt to defraud plaintiff of her rightful share of the property and should be cancelled.

95. Plaintiff claims full ownership of the subject property.

96. However, in the alternative to a judgment for quiet title, plaintiff would seek a judgment granting plaintiff **partial title** and an order granting plaintiff a portion of the rents collected of the subject property.

97. In the event that the issue of "possession" cannot be determined Immediately upon commencement of litigation, plaintiff <u>would seek a</u>

RECEIVER TO BE APPOINTED TO COLLECT THE RENTS ON THE SUBJECT PROPERTY, and save the proceeds until this case is adjudicated.

98. As a proximate result of defendants' wrongful conduct, plaintiff's health has been damaged in the sum of $1,200,000. Plaintiff will be further damaged in like manner so long as defendants' conduct continues. The full amount of this damage is not now known to plaintiff, and plaintiff will amend this complaint to state this amount when it becomes known to him or on proof of the damages.

WHEREFORE, plaintiff pray for judgment against defendants, and each of them, as follows:

1. For an order requiring defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

2. For a **temporary restraining order, a preliminary injunction**, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them:

a. Do not transfer the stock market assets, bank assets, or real estate assets of the estate of Leroy Williams pending.

b. For such other and further relief as the court deems proper.

**NINTH CAUSE OF ACTION FOR ABUSE OF PROCESS**
**CAUSE OF ACTION FOR "ABUSE OF PROCESS"**

Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; DAVID B. DOUDS; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

99. Plaintiff hereby incorporates by reference and re-alleges all of the allegations contained in paragraphs 1through 96, above.

100. On or about **05/15/2024** defendants Shawny Kobay Williams and Naela Calderon Tavera through their prior attorney filed a COMPLAINT for UNLAWFUL DETAINER to evict plaintiff Shanda Love from her residence, where she was a partial owner as being a beneficiary under the family trust. Plaintiff Shanda Love had rights to reside in the property, but defendants still evicted her to interference with her expected inheritance.

101. As a proximate result of the actions of defendants, plaintiff has been damaged generally by loss of time, money, costs incurred and damage to their emotional health.

102. At all times mentioned herein, defendants acted willfully with the wrongful intention of injuring plaintiff and from an improper or evil motive amounting to malice in that defendants willfully and intentionally conspired to defraud and injure plaintiff.

**TENTH CAUSE OF ACTION**
**FOR TEMPORARY RESTRAINING ORDER;**
**PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**
Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; DAVID B. DOUDS; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

103. The plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1-100, inclusive of the complaint.

***Plaintiff demands that defendants stop their (threatened) conduct, defendants refusal, and resulting necessity for prompt judicial action to protect plaintiff.***

104. *On or about* ***05/15/2025 Plaintiff asked defendants to stop their wrongful*** Actions.

105. However, defendants, and each of them, have refused and still refuse to refrain from their threatened conduct.

106. .Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff.

107. Plaintiff has no adequate remedy at law for the injuries of continued Harassment.

108. As a proximate result of defendants' wrongful conduct, plaintiff's health has been damaged in the sum of $950,000. Plaintiff will be further damaged in like manner so long as defendants' conduct continues. The full amount of this damage is not now known to plaintiff, and plaintiff will amend this complaint to state this amount when it becomes known to him or on proof of the damages.

## **ELEVENTH CAUSE OF ACTION FOR FRAUD by Intentional Misrepresentation**

Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; **DAVID B. DOUDS;** All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

109. The plaintiff refers to and incorporates, as though fully set forth

herein, paragraphs 1-106, inclusive of the complaint.

110. *On or about **05/15/2024 Defendants converted the money in the stock market*** **Account and bank accounts** of plaintiff's deceased father based on claims that they were successor trustees for Plaintiff's deceased father's trust.

**111.** Also, on or about **05/15/2024 defendants withdrew money from the estate Bank Accounts** which was property owned by plaintiff, as the primary beneficiary on The related Trust from her father's estate.

***The money withdrawn by defendants was not used for the benefit of the beneficiaries named in the said Trust.***

Additionally, defendants created false documents in effort to interfere with plaintiff's Rights to **the real property** referenced in the 2007 Leroy Williams Revocable Trust. The Amendment to the said trust was a sham created with intent to interfere with Plaintiff expected inheritance.

112. Each Defendant and DOE did specific fraudulent acts.

113. Plaintiff is able to amend this complaint, but desires to complete discovery, first.

114. Defendants knew that the allegations were false when they made them.

115. Plaintiff **relied on** the statements of defendants.

The reliance of the **statements resulted in harm** to plaintiff.

Plaintiff will amend this cause of action as to each defendant with "specific facts" after completion of Discovery.

**TWELFTH CAUSE OF ACTION FOR COMMON COUNT FOR MONEY OWED**

Against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019;

Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

116. The plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1-113, inclusive of the complaint.

117. *On or about **05/15/2024 Defendants converted the money in the stock market*** **account** of plaintiff's deceased father based on claims that they were successor trustees for Plaintiff's deceased father's trust.

**118.** Also, on or about **05/15/2024 defendants withdrew money from the estate Bank Accounts** which was property owned by plaintiff, as the primary beneficiary on the related Trust from her father's estate.

***The money withdrawn by defendants was not used for the benefit of the beneficiaries named in the said Trust.***

**THIRTEENTH CAUSE OF ACTION FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; **DAVID B. DOUDS**; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

119. The plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1-116, inclusive of the complaint.

**See CACI #1600** (Essential Elements for Intentional Infliction of Emotional Distress]

Defendants SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams

Calderon Trust and DOES 1-100 are hereinafter referred to as "defendants". Defendants' conduct as alleged above, caused Plaintiff Shareen Dahline Lopez to suffer severe emotional distress. Defendants' conduct was outrageous. Defendants intended to cause plaintiff Shanda Love emotional distress. Defendants acted with reckless disregard of the probability that plaintiff Shareen Dahlin Lopez would suffer emotional distress, knowing that plaintiff was present when the conduct occurred. Plaintiff Shareen Dahline Lopez suffered severe emotional distress. Defendants' conduct was a substantial factor in causing Shanda Love's severe emotional distress.

**FOURTEENTH CAUSE OF ACTION FOR DECLARATORY RELIEF-JUDGMENT THEREON**

against SHAWNY KOBAY WILLIAMS; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

120. The plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1-117, inclusive of the complaint.

121. Plaintiff **Shanda Love requests declaratory relief** pursuant to California Code of Civil Section 1060 which provides that any person interested under a written instrument, "A TRUST" who desires a declaration of his rights or duties with respect to property may, in the case of an actual controversy relating to the legal rights and duties of the parties, bring an original action in the court for a declaration of his rights or duties

in the premises, including the issues of whether defendants engaged in undue influence, fraud, duress and financial elder abuse during their "civil conspiracy" to dupe decedent, Leroy Williams into signing an Amendment to his trust while he was under heavy medication, in a hospital and an incapacitated state of mind with dementia.

122. Plaintiff is a "person" within the meaning of C.C.P. Section 1060.

123. There exists an actual controversy.

124. C.C.P. Section 1062 provides that available remedies are cumulative and shall not be construed as restricting any remedy, and further no party shall be precluded from obtaining additional relief based on the same facts.

125. C.C.P. Section 1062.3 provides that actions brought under this chapter shall be set for trial at the earliest possible date.

126. As the Defendants have been converting assets owned by the Beneficiaries of the **family Trust** to their own use.

Plaintiff require an immediate of her rights or else she will suffer irreparable harm.

WHEREFORE, Plaintiff requests that this Court Order and Decree that:

Defendants engaged in undue influence, fraud, duress and financial elder abuse during their "civil conspiracy" to dupe decedent, Leroy Williams into signing an Amendment to his trust while he was under heavy medication, in a hospital and an incapacitated state of mind with dementia.

**FIFTEENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY**
against ***SHAWNY KOBAY WILLIAMS***; NAELA CALDERON TAVERA; Shawny K. Williams, as Trustee of the Williams Family Trust, U/A dated June 26, 2019; Shawny Kobay Williams and Naela Calderon Tavera, as co-Trustees of The Williams Calderon Trust; **DAVID B. DOUDS**; All Persons Unknown Claiming Any Title, Estate,

Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1-100

127. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 126 hereof, inclusive, as if alleged herein in full.

128. Defendants were aware that all defendants and DOES 1-10 planned to convert the title of the subject property of THE BENEFICIARIES OF THE FAMILY TRUST and each defendant and DOE 1-10 acted, participated and conspired "in concert" to have a fraudulent Deed Recorded.

129. Each Defendant and DOES 1-10 agreed with the other Co-defendants and DOES and intended that the fraudulent transfer and intentional cloud on Plaintiff's title to **the subject property** be committed.

130. Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Defendant[s] responsible for the harm.

As a result of the conspiracy, Plaintiff was harmed, by losing possession of the subject property, losing the ability to rent out the subject property subsequent to the conspiracy and fraudulent transfer, endured emotional anguish as a result of defendants' and DOES wanton, malicious and oppressive behavior and lost income from the monthly rental value of the subject property.

**SIXTEENTH CAUSE OF ACTION FOR – NEGLIGENCE**
**against U.S. Department of Homeland Security (DHS);**
U.S. Immigration and Customs Enforcement (ICE);
U.S. Customs and Border Protection (CBP and DOES 1-5

131. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 130 hereof, inclusive, as if alleged herein in full.

132. Defendant **Naela Calderon Tavera** was previously a temporary resident in the U.S., which plaintiff believes had an expired Visa and over-stayed in the U.S.A.

in violation of U.S. Immigration Law. Additionally, Defendant Lucinda Tavera is an **illegal immigrant and resides in the same residence with defendant Shawny Williams and Naela Calderon Tavera.**

133. Defendant Lucinda Tavera is an illegal immigrant from Mexico, who is the Mother of Defendant Shawny William's wife, Naela Calderon Tavera.

134. Within the last two years, defendants Lucinda Tavera and Naela Calderon Tavera Committed crimes in the United States, including "Conspiracy Against Civil Rights" Under Title 18, U.S.C. §§241 and 242.

135. Defendant United States Government **owed a duty to Plaintiff Shanda Love** to ensure that illegal immigrants were not over-staying on their Visas or were not passing the Border illegally, but Defendant U.S. Government **neglected to protect Plaintiff Shanda Love** from harm by allowing these illegal immigrants to remain in the United States.

Defendant U.S. ***Government's neglect resulted in harm to Plaintiff Shanda Love***.

136. Defendant **U.S. Department of Homeland Security (DHS)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in

harm to Plaintiff Shanda Love.

137. Defendant **U.S. Immigration and Customs Enforcement (ICE)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in harm to Plaintiff Shanda Love.

138. Defendant **U.S. Customs and Border Protection (CBP)** was negligent by allowing Defendants Lucinda Tavera and Naela Calderon Tavera to maintain a residence in the United States of America, when they lacked the legal right to be in the United States. This negligence by the United States Government resulted in harm to Plaintiff Shanda Love, because defendants Lucinda and Naela plotted, planned and conspired to violate Plaintiff Shanda Love's rights, Filed false documents in courts including a Motion to Declare Plaintiff Shanda Love as a vexatious litigant, and the United States Government failed to protect Plaintiff Shanda Love from harm, in which defendants' actions and omissions resulted in harm to Plaintiff Shanda Love.

139. WHEREFORE, plaintiff prays for judgment against defendants regarding all causes of action in his complaint as follows:

1. for general damages in an amount according to proof, but in no case, no less than $**2,000,000** against each defendant;

2. a temporary restraining order to restrain defendants from further "intimidation, malicious prosecution, and oppressive tactics"; preliminary injunction; and permanent injunction;

3. **Declaratory Relief** and an Order declaring that plaintiff is the owner of the subject property.

4. Or a judgment of partition for half of the subject property;

5. Special Damages in the amount stated above.

6. Punitive Damages in the amount stated above.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: August 4, 2026

By *Shanda Love*

Shanda Love, Plaintiff

See attached Statement of Damages

////////////////

## STATEMENT OF DAMAGES

Plaintiff suffered pain, injury, embarrassment, invasion of privacy, and loss of property as result.

Plaintiff hereby states that he suffered general damaged in the amount of **$2,000,000** and seeks punitive damages in the amount of $300,000 based on the **outrageous conduct** by defendants described in this complaint.

I, **Shanda Love**, declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct, except matters alleged on information and belief which I believe to be true.

Dated: August 4, 2026

By: *Shanda Love*

Shanda Love, Plaintiff pro se

See attached Verification

///////////

**VERIFICATION**

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN FRANCISCO )

I, Shanda Love being duly sworn upon oath, depose and state:

That I have read, knows and understands the contents of the **Complaint** and the statements herein are true to the best of his knowledge and belief.

I, Shanda Love, declare under penalty of perjury under the laws of the state the United States of America that the forgoing is true and correct, except matters alleged on information and belief which I believe to be true.

Dated: August 4, 2026

By: *Shanda Love*

**Shanda Love**, Plaintiff pro se

# PLAINTIFF SHANDA LOVE'S
# INDEX OF EXHIBITS

**EXHIBIT #1:**

**2019 Grant Deed from Shanda Love's parents Betty and Leroy**

**to the Williams Family Trust dated June 26, 2019**

**EXHIBIT #2:**

**2022 Grant Deed from Defendant Shawny Williams as Successor Trustee of His Parent's Trust, the Williams Family Trust**
**In which he granted to himself and his wife, as the new Trustees of the Newly created trust, The Williams Calderon Trust dated November 23, 2021**

# EXHIBIT #1:

**2019 Grant Deed from Shanda Love's parents Betty and Leroy**

**to the Williams Family Trust dated June 26, 2019**

ARED AND RECORDING REQUESTED BY:
SARA M. TAYLOR
*Attorney at Law*
235 Montgomery Street, Suite 400
San Francisco, California 94104
415 412 8538

Carmen Chu, Assessor-Recorder
DOC- 2019-K802000-00
Check Number 6360
Tuesday, JUL 30, 2019 11:08:03
Ttl Pd $20.00 Rcpt # 0006039381
OYY/YY/1-3

WHEN RECORDED, MAIL TO
AND MAIL TAX STATEMENTS TO:

Shawny K. Williams, as Trustee
130 Westwood
San Francisco, CA 94112

*THIS SPACE FOR RECORDER'S USE ONLY*

APN: 3165-021

# GRANT DEED TO A REVOCABLE TRUST

The undersigned Grantors declare that this conveyance transfers Grantors' Interest to Grantors' revocable living trust for zero ("0") consideration
This transaction is exempt from the Documentary Transfer Tax pursuant to R & T §11930.
**Documentary Transfer Tax is $0.00**

Exempt from fee per GC27388.1; document transfers real property that is a residential dwelling to an owner-occupier.

[X] City of San Francisco

[ ] Unincorporated Area of ______

BETTY YVONNE WILLIAMS, LEROY WILLIAMS, and SHAWNY WILLIAMS, as parents and son as joint tenants, (right of survivorship) the GRANTORS,

HEREBY GRANT TO

SHAWNY K. WILLIAMS, as Trustee of THE WILLIAMS FAMILY TRUST, U/A dated June 24, 2019, and SHAWNY WILLIAMS, as joint tenants (right of survivorship), the GRANTEES,

All of THAT PROPERTY situated in the County of San Francisco, State of California, more commonly known as 130 Westwood, San Francisco, CA 94112; which property is bounded and described as set forth in Exhibit "A" (attached hereto and incorporated herein by reference).

SUBJECT TO the Restrictions, Conditions, Covenants, Rights, Rights of Way, and Easements now of record, if any.

The then-acting Trustee has the power and authority to encumber or otherwise to manage and dispose of the hereinabove described real property; including, but not limited to, the power to convey.

Executed on June 24, 2019, in San Francisco County, California.

LeRoy Williams
LEROY WILLIAMS

Betty Yvonne Williams
BETTY YVONNE WILLIAMS

Shawny Williams
SHAWNY WILLIAMS

Please send tax statement to the address as directed above

...tary public or other officer completing this certificate verifies only the identity of the individual who signed the ...ument to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

On June 26, 2019, before me, Alycia M. Cavellini, a Notary Public, personally appeared LEROY WILLIAMS, BETTY YVONNE WILLIAMS, SHAWNY WILLIAMS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[illegible]

Notary Public Signature

ALYCIA M. CAVELLINI
Notary Public - California
Marin County
Commission # [illegible]
My Comm. Expires Jun 9, 2022

Notary Public Seal

# EXHIBIT A

All that certain real property situated in the City of San Francisco, County of San Francisco, State of California, described as follows:

Lot No 21, Bloc No 3165, Westwood Park, as per map thereof filed March 20, 1917, in Book "H" of Maps, Pages 65 to 71, inclusive, in the Office of the Recorder of the City and County of San Francisco, State of California.

and more commonly known as 130 Westwood, San Francisco, CA 94112.

TAX PARCEL NUMBER: 3165-021

# EXHIBIT #2:

**2022 Grant Deed from Defendant Shawny Williams as Successor Trustee of His Parent's Trust, the Williams Family Trust In which he granted to himself and his wife, as the new Trustees of the Newly created trust, The Williams Calderon Trust dated November 23, 2021**

Doc # 2022058382

PREPARED AND RECORDING REQUESTED BY:
SARA M. TAYLOR
*Attorney at Law*
936 B Seventh Street #249
Novato, CA 94945
415-412-8538

City and County of San Francisco
Joaquin Torres, Assessor—Recorder
6/10/2022 10:19:02 AM
Pages 3 Title 001 NH
Customer 001

| | |
|---|---|
| Fees | $20.00 |
| Taxes | $0.00 |
| Other | $1.00 |
| SB2 Fees | $75.00 |
| Paid | $96.00 |

WHEN RECORDED, MAIL TO
AND MAIL TAX STATEMENTS TO:
Shawny K. Williams
3213 W Las Positas Blvd.
Pleasanton, CA 94588

*THIS SPACE FOR RECORDER'S USE ONLY*

APN: Block 3165, Lot 021 (130 Westwood Drive, San Francisco, CA 94112)

# GRANT DEED

The undersigned Grantor declares that this conveyance transfers an interest out of a revocable living trust for zero ("0") consideration. This transaction is exempt from the Documentary Transfer Tax pursuant to R & T §11930.

SHAWNY K. WILLIAMS a married man, as his sole and separate property, the GRANTOR,

HEREBY GRANTS TO

SHAWNY KOBAY WILLIAMS and NAELA CALDERON TAVERA, as co-Trustees of THE WILLIAMS CALDERON TRUST, U/A dated November 23, 2021, the GRANTEES,

All of THAT PROPERTY situated in the County of San Francisco State of California, and commonly known as 130 Westwood Drive, San Francisco, CA; which property is bounded and described as set forth in Exhibit "A" (attached hereto and incorporated herein by reference).

Executed on May 28, 2022, in ALAMEDA County, California.

Shawny Williams
SHAWNY K. WILLIAMS

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Alameda

On May 28, 2022, before me, Kush Kharbanda, a Notary Public, personally appeared SHAWNY K. WILLIAMS, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

KUSH KHARBANDA
COMM. #[illegible]
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
MY COMM. EXP. FEBRUARY [illegible]

______________________ [signature]
Notary Public Signature

Notary Public Seal